UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MAURICE SINKFIELD, | ) | CASE NO. 1:14 CV 1362 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CARLOS K. JOHNSON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff *pro se* Maurice Sinkfield brings this *in forma pauperis* action under 42 U.S.C. §

1983 against Defendant Carlos K. Johnson, an attorney who represented him in his criminal case

in the Ohio Court of Common Pleas.  Plaintiff alleges Defendant did not notify the trial judge

that Plaintiff had been beaten by police officers during the course of his arrest.  He further

alleges, in essence, that Defendant was not diligent in his representation of Plaintiff.[1]  Plaintiff

seeks "return of bonds and money profited," and his immediate release from custody.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. §

1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis

---

[1]     Plaintiff was convicted of Robbery with a Firearm Specification pursuant to a Guilty
Plea in November 2012.  *State v. Sinkfield*, Cuy. Cty. Comm. Pls. No. CR-12-
564071-A; http://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.

in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

The gist of the Complaint is that Plaintiff was denied effective assistance of counsel in his criminal case.  As such, he is implicitly challenging the validity of his conviction and resulting confinement in an Ohio penal institution.  The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, [ ... ] his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).  In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his confinement.  *Id.*  Further, a criminal defense attorney who acts in that capacity on behalf of a criminal defendant does not act under color of state law for purposes of a 42 U.S.C. § 1983 action.  *Polk County v. Dodson*, 454 U.S. 312 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976).

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e), without prejudice to any valid state law claim Plaintiff may have under the facts alleged.  The Court certifies, pursuant to 28 U.S.C. § 1915(e), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 10/21/14

---

[2]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).